IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH BURDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| *vs*. | ) | Civil No. |
| | ) | |
| BELLWOOD SCHOOL DISTRICT 88 BOARD OF EDUCATION; MARIA CASTREJON, in her official capacity; ROSEMARY HENDRICKS, in her official capacity; DRENA LANIER, in her official capacity; TOMMY MILLER, in his official capacity; YVETTE RAMIREZ, in her official capacity; DOROTHY C. SMITH, in her official capacity; MARILYN THURMAN, in her official capacity; DALPHNE WALKER, in her official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## **VERIFIED COMPLAINT**

**Introduction**

1. This is a civil rights action challenging the firing of Plaintiff by Defendants based upon Plaintiff's political affiliation.

2. Plaintiff seeks damages, injunctive relief, and declaratory relief, pursuant to 42 U.S.C. §§ 1983 and 1988, against Defendants.

3. This action is premised on the United States Constitution pertaining to the denial of Plaintiff's fundamental rights, namely his right of association, to due process, and to equal protection of the law, by Defendants named herein.

4. Defendants' actions have deprived and will continue to deprive Plaintiff of his paramount rights provided under the United States Constitution.

5. Each and every act of Defendants alleged herein was committed by Defendants, each and every one of them, under the color of state law and authority.

**Jurisdiction and Venue**

6. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction over the request for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b), because the actions giving rise to this claim occurred within the Northern District of Illinois, and Defendants reside in this district.

**Parties**

8. Plaintiff JOSEPH BURDI ("Joe") is an individual who resides in the County of Cook, in the State of Illinois. Until December 14, 2010, Joe was Director of Building & Grounds/Transportation for the Bellwood School District 88 (the "District").

9. Defendant BELLWOOD SCHOOL DISTRICT 88 BOARD OF EDUCATION (the "Board") is a public entity organized under the laws of the State of Illinois with the authority to sue and be sued in its own name.

10. The Board acts as the governing body for Bellwood School District 88 and sets policy for the District.

11. The Board was at all times relevant to the facts alleged in this complaint acting under the color of state law.

12. Defendant MARIA CASTREJON ("Castrejon") is President of the Board, and was at all times relevant to the facts alleged in this complaint, acting within the scope of her employment and under color of law. Defendant Castrejon is being sued in her official capacity.

13. Defendant ROSEMARY HENDRICKS ("Hendricks") is the Interim Superintendent of the District, and was at all times relevant to the facts alleged in this complaint, acting within the scope of her employment and under color of law. Defendant Hendricks is being sued in her official capacity.

14. Defendant DRENA LANIER ("Lanier") is a member of the Board, and was at all times relevant to the facts alleged in this complaint, acting within the scope of her employment and under color of law. Defendant Lanier is being sued in her official capacity.

15. Defendant TOMMY MILLER ("Miller") is a member of the Board, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law. Defendant Miller is being sued in his official capacity.

16. Defendant YVETTE RAMIREZ ("Ramirez") is a member of the Board, and was at all times relevant to the facts alleged in this complaint, acting within the scope of her employment and under color of law. Defendant Ramirez is being sued in her official capacity.

17. Defendant DOROTHY C. SMITH ("Smith") is a member of the Board, and was at all times relevant to the facts alleged in this complaint, acting within the scope of

her employment and under color of law. Defendant Smith is being sued in her official capacity.

18.  Defendant MARILYN THURMAN ("Thurman") is a member of the Board, and was at all times relevant to the facts alleged in this complaint, acting within the scope of her employment and under color of law. Defendant Thurman is being sued in her official capacity.

19.  Defendant DALPHNE WALKER ("Walker") is a member of the Board, and was at all times relevant to the facts alleged in this complaint, acting within the scope of her employment and under color of law. Defendant Walker is being sued in her official capacity.

**Facts Common to All Counts**

20.  In late October or early November 2010, Joe became aware that a female co-worker had written a letter to an unknown person within the District alleging that Joe had made comments of a sexual nature towards her.

21.  On or about this time, Joe was suspended from his employment with pay, known internally as an administrative leave of absence.

22.  On or about November 4, 2010, a hearing was held at Roosevelt Middle School concerning the allegations against Joe.

23.  At the conclusion of said hearing, the hearing officer found that Joe's alleged comments did not lead one to conclude that Joe violated the District's General Policy.

24.  On or about December 6, 2010, Joe received a memorandum from Kyle

Hastings, then-Superintendent for the District, informing Joe that, after conducting an investigation into whether Joe violated the District's General Policy, Mr. Hastings concurred with the hearing officer's recommendation that Joe's alleged comments "do not lead one to conclude that respondent [Joe] violated the [District] policy." Said memorandum requested that Joe return to work immediately.

25. On or about December 13, 2010, the Board held a Special Meeting.

26. On the agenda for said meeting was a motion to terminate Joe as Director of Transportation/Building & Grounds, "as discussed in closed session," effective immediately.

27. The purported purpose for entering into a closed session was for the purpose of discussion of "[t]he appointment, employment, compensation, discipline, performance, or dismissal of specific employees of the District or legal counsel for the District, including hearing testimony on a complaint lodged against an employee or against legal counsel for the District to determine its validity, pursuant to 5 ILCS 120/02(c)(1), as amended by P.A. 93-0057."

28. At the December 13, 2010 meeting, the Board voted to fire Joe as the Director of Transportation/Building & Grounds, effective December 14, 2010.

29. To this day, the Board refuses to provide Joe with a copy of the hearing officer's recommendations and/or his report.

**COUNT I**
**42 U.S.C. § 1983**
**(First and Fourteenth Amendment – Right of Association)**

30. Plaintiff incorporates and restates by reference the allegations in the

paragraphs above, as if fully set forth herein.

31. Plaintiff was fired by Defendants because of his political affiliation.

32. As a result, Plaintiff suffered damages including but not limited to lost wages and benefits.

33. Plaintiff's firing by Defendants was a direct and proximate cause of his pain, suffering and metal anguish.

34. The acts by Defendants infringed upon the Plaintiff's First Amendment right of association, in addition to a violation of 42 U.S.C. § 1983.

WHEREFORE, Plaintiff JOSEPH BURDI respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

## COUNT II
## 42 U.S.C. § 1983
### (Fourteenth Amendment – Violation of Equal Protection Clause)

35. Plaintiff incorporates and restates by reference the allegations in the paragraphs above, as if fully set forth herein.

36. Defendants have allowed other school employees to express their constitutional right of association, but have terminated Plaintiff's employment based upon his political affiliation.

37. Defendants' termination of Plaintiff's employment intentionally treats Plaintiff differently than other similarly-situated employees based on Plaintiff's political affiliation.

38. Defendants have no compelling or legitimate reason that would justify their disparate treatment of Plaintiff.

39. Defendants' conduct therefore violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff JOSEPH BURDI respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

## COUNT III
## 42 U.S.C. § 1983
### (Fourteenth Amendment – Violation of Due Process Clause)

40. Plaintiff incorporates and restates by reference the allegations in the paragraphs above, as if fully set forth herein.

41. Defendants' conduct allowed the Board to terminate Plaintiff's employment in an *ad hoc* and discriminatory manner.

42. Defendants have no compelling or legitimate reason that would justify their termination of Plaintiff's employment.

43. Defendants' conduct therefore violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff JOSEPH BURDI respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

## COUNT IV
### Under Illinois Law
### (Breach of Implied Contract)

44. Plaintiff incorporates and restates by reference the allegations in the paragraphs above, as if fully set forth herein.

45. Joe had an implied contract with the District arising out of the District's Board Policy Manual as Director of Building & Grounds/Transportation.

46. In fall of 2010, Joe became aware of allegations that he had made comments of a sexual nature towards a female co-worker.

47. Subsequently, Joe was suspended from his employment and placed on an administrative leave of absence.

48. A hearing was later held at Roosevelt Middle School concerning the allegations against Joe, after which the hearing officer concluded that Joe had not violated the District's General Policy.

49. On or about December 6, 2010, Hasting sent Joe a memorandum informing him that Hastings concurred with the hearing officer's conclusion and requested that Joe return to work immediately.

50. Had Joe been an at will employee, he would not have been entitled to suspension with pay or a hearing, pursuant to the District's Board Policy Manual.

51. An implied contract exists here based upon consideration of Defendants' acts and conduct.

52. Defendants breached the implied contract by firing Joe from his position as Director of Building & Grounds/Transportation.

53. Joe was ready, willing, and able to continue to perform his job on the date of his termination.

54. Joe has suffered damages as a result of the breach of his implied contract.

WHEREFORE, Plaintiff JOSEPH BURDI respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

**Count I**

1. For the issuance of a preliminary and permanent injunction enjoining Defendants, and its agents, from violating Plaintiff's constitutional rights;

2. For a declaratory judgment declaring that Defendants' firing of Plaintiff violates the First and Fourteenth Amendments to the United States Constitution;

3. Adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy in order that such declaration shall have the force and effect of final judgment;

4. Retain jurisdiction for the purpose of enforcing this Court's order;

5. For an award of compensatory damages to Plaintiff against Defendants;

6. For an award of punitive damages to Plaintiff against Defendants;

7. For costs of suit incurred in this action;

8. For attorneys fees in accordance with 42 U.S.C. § 1988; and

9. For such other and further relief as the Court may deem just and proper.

**Count II**

10. For the issuance of a preliminary and permanent injunction enjoining Defendants, and its agents, from violating Plaintiff's constitutional rights;

11. For a declaratory judgment declaring that Defendants' firing of Plaintiff violates the Fourteenth Amendment to the United States Constitution;

12. Adjudge, decree, and declare the rights and other legal relations with the

subject matter here in controversy in order that such declaration shall have the force and effect of final judgment;

13. Retain jurisdiction for the purpose of enforcing this Court's order;

14. For an award of compensatory damages to Plaintiff against Defendants;

15. For an award of punitive damages to Plaintiff against Defendants;

16. For costs of suit incurred in this action;

17. For attorneys fees in accordance with 42 U.S.C. § 1988; and

18. For such other and further relief as the Court may deem just and proper.

**Count III**

19. For the issuance of a preliminary and permanent injunction enjoining Defendants, and its agents, from violating Plaintiff's constitutional rights;

20. For a declaratory judgment declaring that Defendants' firing of Plaintiff violates the Fourteenth Amendment to the United States Constitution;

21. Adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy in order that such declaration shall have the force and effect of final judgment;

22. Retain jurisdiction for the purpose of enforcing this Court's order;

23. For an award of compensatory damages to Plaintiff against Defendants;

24. For an award of punitive damages to Plaintiff against Defendants;

25. For costs of suit incurred in this action;

26. For attorneys fees in accordance with 42 U.S.C. § 1988; and

27. For such other and further relief as the Court may deem just and proper.

**Count IV**

28. For an award of compensatory damages to Plaintiff against Defendants;

29. For costs of suit incurred in this action;

30. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter.

Dated: March 30, 2011                               Respectfully submitted,


/s/ Stephen F. Potts
Stephen F. Potts, IL Bar No. 6230064
LAW OFFICE OF STEPHEN F. POTTS
2720 South River Road, Suite 140
Des Plaines, Illinois 60018-4111
(847) 298-9055
(847) 296-5312 *fax*

**COUNSEL FOR PLAINTIFF**

## **VERIFICATION**

I, affirm under penalty of perjury, that the statements set forth in the Complaint are true and correct, except as to matters stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he believes the same to be true.

        /s/ Joseph Burdi
            Plaintiff, JOSEPH BURDI

Subscribed and sworn to before me this
18th day of March, 2011.

        /s/ Morris Beard
        Notary Public, State of Illinois
        My commission expires: 11-19-11